ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **WILLIAM TORO LEÓN**<br><br>Peticionario<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN**<br><br>Recurrido | TA2025EM00002 | **ESCRITO MISCELANEO** |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de diciembre de 2025.

Comparece el señor William Toro León (Sr. Toro León) mediante un escrito misceláneo en el que suplica de tres jueces de un Panel Hermano de esta Curia comunicarse con el secretario del Departamento de Corrección y Rehabilitación (DCR) y el comisionado de seguridad.

Por los fundamentos que expondremos a continuación, desestimamos el recurso de epígrafe por falta de jurisdicción.

**I.**

El Sr. Toro León presentó un escrito ante este Tribunal donde arguyó haber solicitado del DCR examinar una placa de rayos-x, supuestamente realizada para fabricarle un caso. Además, suplicó de tres jueces de un Panel Hermano de este Tribunal contactar al secretario del DCR, el señor Francisco Quiñones Rivera, "[p]or que [sic] [h]ay unos oficiales que est[á]n asiendo [sic] cosas [i]legales en Ponce" con relación a otros reclusos;[1] e informar al comisionado de

---

[1] Sistema Unificado de Manejo y Administración (SUMAC) del Tribunal de Apelaciones, Entrada Núm. 1, pág. 2.

seguridad, el señor Félix Pacheco, sobre escritos de parte del Sr. Toro León.

Después de examinar con detenimiento el recurso de epígrafe, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

## II.

## A.

Como asunto de umbral, nuestro sistema jurídico define la jurisdicción como el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023); *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.*, 207 DPR 586, 600 (2021). En el caso de los recursos de revisión judicial, dicha jurisdicción se limita a la revisión de una "orden o resolución final de una agencia", luego de que se hayan "agotado todos los remedios provistos por la agencia". *"Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"* (LPAU), Ley Núm. 38 del 30 de junio de 2017, según enmendada, 3 LPRA 9672. Asimismo, el Artículo 4.006(c) de la *"Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003"*, Ley Núm. 201 del 22 de agosto de 2003, según enmendada, 4 LPRA sec. 24y, dispone que este Tribunal debe revisar mediante el recurso de revisión judicial las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. Esta orden o resolución final debe "incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o

revisión según sea el caso". Sección 3.14 de la LPAU, *supra,* sec. 9654.

Ahora bien, la jurisdicción de los foros judiciales para revisar decisiones administrativas está supeditada y presupone la involucración de algún interés propietario o libertario de la persona afectada. *Álamo Romero v. Adm. Corrección,* 175 DPR 314, 329 (2009). Una vez determinada la existencia de un interés de libertad o propiedad, entonces procede dilucidar cuál es el proceso que debió seguirse. *Álamo Romero v. Adm. Corrección, supra,* págs. 329-330. De igual modo, los tribunales solo pueden evaluar casos justiciables. *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 931 (2011). Para que una controversia sea justiciable se debe justipreciar si es "(1) tan definida y concreta que afecte las relaciones jurídicas entre las partes que tienen un interés jurídico antagónico; (2) que el interés sea real y substancial y que permita un remedio específico mediante una sentencia de carácter concluyente, y finalmente (3) si la controversia es propia para una determinación judicial, ya que se distingue de una disputa de carácter hipotético o abstracto, y de un caso académico o ficticio". *Asoc. Fotoperiodistas v. Rivera Schatz, supra,* pág. 932. Por ende, los tribunales carecemos de autoridad para expresarnos respecto a controversias hipotéticas ni asuntos cuya resolución no incidiría sobre un interés concreto ni podría remediar alguna daño claro y palpable. *Hernández Torres v. Hernández Colón,* 131 DPR 593, 598-599 (1992).

Asimismo, los tribunales debemos ser celosos guardianes de nuestra jurisdicción y, consiguientemente, debemos atender con preferencia los asuntos concernientes a esta. *R & B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales,* 213 DPR 685, 698 (2024); *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019). Es meritorio indicar, además, que la falta de jurisdicción transgrede directamente sobre el poder que poseemos para adjudicar

una controversia. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 386 (2020). Por lo tanto, la falta de jurisdicción es insubsanable, y, por ende, una vez determinamos que carecemos de jurisdicción para atender el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo. *S.L.G. Szendry Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

### III.

En el caso de marras, no estamos ante un asunto justiciable. Específicamente, el Sr. Toro León no recurre ante esta Curia de un dictamen emitido por el DCR que incida sobre un interés propietario o libertario, o pueda remediar algún daño claro o palpable suyo. En cambio, presenta unas quejas respecto a una placa de rayos-x, alegados abusos realizados por oficiales contra otros confinados y supuesto encubrimiento que deberá conocer y atender el Secretario del DCR.

Al no recurrir de un dictamen administrativo esta Curia no ostenta jurisdicción para entender sobre las alegaciones sin que se haya agotado los remedios administrativos conforme la normativa antes expuesta. En consecuencia, no estamos ante una controversia justiciable para poder ejercer nuestra función revisora.

### IV.

Por las razones discutidas anteriormente, desestimamos el recurso de epígrafe por falta de jurisdicción, conforme a la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones